IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mark Guion and Cynthia Glenn, | Case No. 6:18-cv-01609-DCC |
| Plaintiff, | |
| v. | **ORDER** |
| Melissa Marsh, Kimberly Dunham, Milford Howard, Robert Clark, Rochelle Y. Conits, Rachel Hopkins, Brittany van de Gohm, John Does 1–20, Jane Does 1–20, XYZ 1–10 Entities and Agencies, | |
| Defendants. | |

Plaintiffs, proceeding pro se, bring this action alleging that Defendants have violated their constitutional rights and various federal and state laws, all arising from a custody action previously litigated in the Greenville County Family Court. ECF Nos. 1, 13. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On September 19, 2018, the Magistrate Judge issued a Report recommending that this case be summarily dismissed without prejudice and without issuance of service of process. Plaintiffs filed objections to the Report. ECF No. 24.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge determined that Plaintiffs' numerous claims are barred by the *Rooker-Feldman* doctrine[1] because a favorable decision by this Court would require

---

[1] The proceedings and rulings of the South Carolina family court cannot be reviewed or set aside by the District Court in this case. See *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can be conducted only by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on a federal district court's review of a state court order is commonly referred to as the *Rooker-Feldman* doctrine. See, e.g., *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). It is well-settled that the *Rooker-Feldman* doctrine applies to bar the exercise of federal jurisdiction even when a challenge

federal review of the Family Court's decisions or would produce a result that is at odds with the result reached in the Family Court conclusion. Plaintiffs make various allegations including that the Magistrate Judge overlooked relevant facts, that they did not consent to jurisdiction by a Magistrate Judge, and that Judge Conits is not entitled to judicial immunity. They also reassert their RICO claim, and contend that the Family Court lacked jurisdiction, that they were not properly served in the Family Court action, that the Family Court hearing was insufficient, that the Guardian ad Litem failed to timely produce a report, that they were denied their equal protection and Due Process rights, and that they were denied a fair trial. They object to the conclusion that their claims are barred by the *Rooker-Feldman* doctrine by arguing that they are not asking the Court to review the Family Court's rulings. Instead, they contend that they are requesting monetary relief for violations of their constitutional rights.

Upon de novo review of the record and the applicable law, the Court finds that abstention pursuant to *Rooker-Feldman* is appropriate in this case. While Plaintiffs contend that their claims are not barred by the *Rooker-Feldman* doctrine because they are not requesting that this Court disturb an order of the Family Court, the Court agrees with the conclusion reached by the Magistrate Judge that a ruling in favor of Plaintiffs on their constitutional claims in this case would, necessarily, require this Court to overrule, or otherwise find invalid, the orders and rulings made in the South Carolina Family Court. Such a result is prohibited under the *Rooker-Feldman* doctrine. *Davani*, 434 F.3d at 719–

---

to state court decisions or rulings concerns federal constitutional issues. *See Arthur v. Supreme Ct. of Iowa*, 709 F.Supp. 157, 160 (S.D. Iowa 1989).

3

20; *see also Exxon Mobil Corp.*, 544 U.S. at 293–94. Moreover, this case is inextricably intertwined with the Family Court case. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (internal quotation marks omitted) (holding that the *Rooker-Feldman* bar extends not only to issues actually decided by a state court but also to those that are "inextricably intertwined with questions ruled upon by a state court"); *Allen v. Dep't of Soc. Servs.*, No. 2:10-cv-2162-DCN-RSC, 2010 WL 3655566, at *5 (D.S.C. Aug. 31, 2010), *Report adopted by* 2010 WL 3655564 (D.S.C. Sept. 20, 2010) (explaining plaintiff's allegations, claiming that the Family Court proceeding was an injustice and an abuse of power, was an improper attempt to have the federal court review state family court proceedings, which "is precisely the type of claim that the *Rooker-Feldman* doctrine precludes"); *Banks v. SC*, No. 9:10-cv-785-CMC-BM, 2010 WL 2365352, at *5 (D.S.C. May 6, 2010), *Report adopted by* 2010 WL 2365417 (D.S.C. May 28, 2010) (finding *Rooker-Feldman* doctrine bars claims that Plaintiff was injured by the result of state family court decisions made in a child support enforcement action). Accordingly, Plaintiffs objections are overruled.

The Magistrate Judge also found that any State of South Carolina Defendants were entitled to dismissal of claims against them in their official capacity pursuant to the Eleventh Amendment, that Judge Conits was entitled to judicial immunity for claims against her in her individual capacity, that Plaintiffs failed to state a cognizable claim for relief against any of the other named Defendants, and that none of the named individual private Defendants acted under color of law as required to state a cause of action under § 1983.

In their objections, Plaintiffs assert that Eleventh Amendment immunity has been waived because South Carolina receives federal funds. They contend that South Carolina discriminates against men and their children in family courts and seem to allege that child support enforcement funds are used for the pension funds of state employees through a convoluted series of transactions. Plaintiffs appear to allege Judge Conits committed criminal acts by engaging in misconduct and contend that she is not entitled to judicial immunity because the signing of orders she did not read or write constitutes ministerial acts. They cite extensively from the Code of Judicial Cannon. They contend that the actions of Defendants Howard and Clark afford them no immunity.

The Court has reviewed the record and applicable law. Having done so, the Court agrees with the recommendation of the Magistrate Judge with respect to the various immunities at issue in this case. The Court further agrees that Plaintiffs fail to state a claim pursuant to 42 U.S.C. § 1983 regarding the defendants who are not state actors and fail to state a cognizable claim against any other named defendant. Plaintiffs objections are overruled.[2]

## **CONCLUSION**

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge and overrules Plaintiff's objections. The Complaint is **DISMISSED** without prejudice and without issuance of service of process.

IT IS SO ORDERED.

---

[2] The Court has also reviewed Plaintiff Glenn's letter and affidavit; they provided no additional objections to the Magistrate Judge's Report.

s/Donald C. Coggins, Jr.<br>United States District Judge

April 23, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.